# RICHMOND vs. CROSS.

A person interested in an estate as distributee, is a competent witness to prove facts, which increase the liabilities of the estate—such testimony being against his interest.

ERROR TO RANDOLPH CIRCUIT COURT.

STATEMENT OF THE CASE.

This is an action brought in the Randolph circuit court, by Cross vs. Richmond, on a bond for the payment of money, purporting to be executed by the defendant below, (Richmond,) and one Howell S. Rose. At the return of the process served upon Richmond, who was alone sued, he put in the ordinary plea under our statute in force at the time, and also the plea of *non est factum*, supported by his affidavit. The plaintiff moved the court to strike from the files, the plea of *non est factum*, which motion the court overruled, and the plaintiff took issue upon both pleas. At the trial of the case, the plaintiff introduced various witnesses for the purpose of proving that the said Richmond, executed the bond. Among the witnesses the plaintiff introduced, was Mrs. Loe, who was the relict and widow of Howell S. Rose, one of the obligors to the bond, (Rose-having died before the commencement of this suit.) To her introduction as a witness, Richmond, by his counsel objected, but the objection was overruled and she permitted to testify. After the evidence in the cause was closed, the court at the instance of the plaintiff, gave the following instructions.

1st. "That if the jury believe from the evidence, that the defendant made his mark which is on the bond, they will find for the plaintiff."

2nd. "If the jury believe from the evidence, that the defendant authorized Howell S. Rose to sign his, defendant's name to the bond, and that said Rose did, in pursuance of said authority, sign the name of the defendant to the bond, then they will find for the plaintiff."

3rd. "That the acknowledgements of the defendant, against himself, are to be taken as evi‑ dence." To the giving of which the defendant objected.

The defendant then asked, and the court gave the following instructions.

1st. "That before the jury can find for the plaintiff, they must believe from the evidence, that the defendant did execute the bond sued on, himself, or that he authorized some one to execute it for him."

2nd. "That unless the jury believe from the evidence, that the defendant executed the bond sued on, in this case, or authorized some person to execute it for him, they will find for the defendant."

3rd. "That the declarations of the defendant, given in evidence, are to be considered all together, as well what is in his favor as what is against him."

The case was then submitted to the jury, and a verdict was found for the plaintiff for the amount of the bond and interest.

A motion for a new trial was made, and the reasons relied upon were : 1st. That the court erred in permitting Mrs. Loe, the widow of Rose, the co-obligor to testify.

2nd. That the instructions given the jury for the plaintiff, (and particularly the first one,) were unauthorized by the law and facts in this case, and were well calculated to and doubtless did mislead the jury, and,

3rd. That the verdict of the jury was not warranted by the evidence.

This motion being overruled, the defendant moved in arrest of judgment, which was also overruled, and the case is brought here by writ of error.

CLARK, for plaintiff in error.

1. It is insisted that Mrs. Loe, the widow of Rose, the joint and co-obligor in the bond sued on, was clearly an incompetent witness, and ought not to have been allowed to testify. There is no principle better settled, than, that in a suit by the payee against one or two obligors, the one not sued, cannot testify for the plaintiff to establish the execution of the note or bond by the defendant; it being to his interest to make the defendant equally liable with himself, and if Rose, the co-obligor could not have testified in his life time, it is equally clear, that his widow cannot after his death. The same reasons that excluded him, excluded her, she being interested in the same way, though not to the same extent.

It will be remarked, that the question to be tried in this case, was not whether the defendant was a security or principal obligor, but it was whether he executed the contract at all. 1 Greenleaf sec. 331, 12 Ohio Rep. 275, 475.

2. This being a bond, no authority to execute it by the defendant was binding upon him, unless in writing and under seal. No one, I suppose, will controvert this proposition. If so, then the instructions, to the jury, for the plaintiff were erroneous, and calculated to impress upon the minds of the jury, that even a verbal authority was sufficient to bind the defendant; and the jury, no doubt, acted under this impression, for there is not a word of evidence of any written authority to any one. But in any view of the case, the first instruction is wrong. That instruction tells the jury, in so many words, "that if the defendant made the mark then on the bond in suit, he was liable, and that they must find against him in his plea denying the execution of the bond." We had supposed something else was necessary to execute a single bill obligatory, by one who cannot write besides making his mark. The fact that the mark was made by the defendant, is evidence of his executing the bond, but is certainly not conclusive. 22 Wend. 325.

3. The next point we make is, that the circuit court ought to have granted a new trial. This point must be sustained if either of the others is correct, or if there was no evidence, or an insufficient amount of evidence to warrant the finding of the jury. We are apprised of the various and repeated decisions of this court, in reference to reviewing the action of the circuit courts, in refusing new trials, but in this case there is no evidence of any legal authority to execute the bond, nor is there any evidence that the defendant executed it himself. The verdict is therefore so manifestly wrong, that the circuit court ought to have set it aside, and not having done so, its judgment ought to be reversed.

WILSON, for defendant in error:

I insist that Mrs. Loe was properly admitted by the courts to testify in this cause. All the witnesses testify that Richmond was security only for Rose, and a witness also testified that Richmond signed the bond as security for her husband. She, then, was testifying against her

interest, as in the event of a recovery against Richmond, the liability of the estate of her husband was increased, not only by the amount of the cost in the case, but also the amount of the interest after the judgment. Garrett et al vs. Ferguson's adm'r. 9 Mo. Rep. 125.

The court gave all the instructions asked by the parties, and there is no essential difference in the instructions asked by the parties and given by the court.

The plaintiff in this court, objects to the first instruction as given by the court below at the instance of the plaintiff in that court, which is in the words following: "That if the jury believe from the evidence, that the defendant made his mark which is on the bond, they will find for the plaintiff." I can see no objection to this instruction; if he made his mark as appears on the bond, it was an evident execution of the instrument, and which is the manner in which all persons, unable to sign their names, usually execute all instruments.

2. The plaintiff in this court, now attempts to set up, "that this being a bond no authority given by him to execute it, was binding, unless in writing under seal." This point was not made in the court below, and cannot now be set up in this court. I do not, therefore, feel called upon to further notice this point.

RYLAND Judge, delivered the opinion of the court :

The only question which demands the attention of this court, from the above statement, is the one arising from the admission by the circuit court of the evidence of the witness, Mrs. Loe, for the plaintiff.

From the bill of exceptions in this case, it appears that the bond was signed by Howell S. Rose, and John Richmond, Richmond making his mark. Richmond denied the execution of this bond and the execution of it by him was put in issue. The witnesses state, that Rose was the principal and Richmond his security. Indeed the evidence is plain and amply sufficient to show that Richmond was security. Mrs. Loe, the witness, was the widow of Howell, S. Rose, having married Loe after the death of said Rose. Her evidence then, is calculated to increase the demands against the estate of the deceased husband, by showing, that Richmond was security for him on this bond, and not a joint principal obligor merely. Her testimony then, is against her own interest, for by it, she increases the liabilities and incumbrances of the estate of which she is entitled to part as widow of the decedent. Her testimony is against her interest and consequently not liable to the objection made to it by the defendant. The court therefore, committed no error in admitting her evidence for the plaintiff, and her testimony warranted the court in giving the first instruction asked for plaintiff and completely overthrows the force of the second point relied on by plaintiff in error, viz: the authority given by Richmond to execute the bond.

We are of opinion that the circuit court committed no error in giving the instructions, nor in admitting the evidence of the witnesses. That the case was fairly submitted to the jury and we find no sufficient reason to interfere with the judgment below, It is therefore affirmed.